```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
In re:                                                          Case No. 15-03748-HWV
Barbara C Kell                                                  Chapter 13
         Debtor                    CERTIFICATE OF NOTICE
District/off: 0314-1         User: CKovach            Page 1 of 1         Date Rcvd: Jul 25, 2018
                             Form ID: 3180W           Total Noticed: 11
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 27, 2018.
```
db             +Barbara C Kell,    123 Houston Ave,    Harrisburg, PA 17103-1738
cr              MTGLQ Investors, L.P.,    P.O. Box 10826,   Greenville, SC  29603-0826
cr             +MTGLQ Investors, L.P.,    Stern & Eisenberg,    1581 Main Street,   Suite 200,
                 Warrington, PA 18976-3400
cr             +c/o Shellpoint Mortgage MTGLQ Investors, L.P.,    PO Box 10826,   Greenville, SC 29603-0826
4690092        +EverBank,    301 West Bay Street,    Jacksonville, FL 32202-5180
4696566        +EverHome,    301 West Bay Street,    Jacksonville, FL 32202-5103
4898634         MTGLQ Investors, L.P,    c/o Shellpoint Mortgage Serving,   PO Box 10826,
                 Greenville, SC  29603-0826
4898635        +MTGLQ Investors, L.P,    c/o Shellpoint Mortgage Serving,   PO Box 10826,
                 Greenville, SC  29603-0826,    MTGLQ Investors, L.P,
                 c/o Shellpoint Mortgage Serving 29603-0826
4690093        +Member First FCU,    PO Box 2109,    Mechanicsburg, PA 17055-1719
4738647        ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,   DALLAS TX 75261-9096
                (address filed with court: Nationstar Mortgage LLC,    P.O. Box 619096,   Dallas, TX 75261-9741)
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4690094        +EDI: RMSC.COM Jul 25 2018 22:58:00      Sams Club,   PO Box 965005,   Orlando, FL 32896-5005
                                                                                              TOTAL: 1
```

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 27, 2018                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 25, 2018 at the address(es) listed below:
```
              Ann E. Swartz    on behalf of Creditor    EverBank ecfmail@mwc-law.com, ecfmail@ecf.courtdrive.com
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    Nationstar Mortgage LLC bkgroup@kmllawgroup.com
              Joshua I Goldman    on behalf of Creditor    Nationstar Mortgage LLC bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Melanie Walz Scaringi    on behalf of Debtor 1 Barbara C Kell kelly@scaringilaw.com,
               melanie@scaringilaw.com;dblack@scaringilaw.com
              Thomas I Puleo    on behalf of Creditor    Nationstar Mortgage LLC tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
              William Edward Miller    on behalf of Creditor    MTGLQ Investors, L.P. wmiller@sterneisenberg.com,
               bkecf@sterneisenberg.com
                                                                                              TOTAL: 8
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Barbara C Kell** | Social Security number or ITIN xxx–xx–4040 |
| | First Name  Middle Name  Last Name | EIN _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Middle District of Pennsylvania** | | |
| Case number:  **1:15–bk–03748–HWV** | | |

# Order of Discharge                                                                                           12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Barbara C Kell
fka Barbara Cassell

**By the court:**  *[signature]*

July 25, 2018

Honorable Henry W. Van Eck
United States Bankruptcy Judge

By: CKovach, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**